UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>BRUCE MAURICE PHYTILA a/k/a<br>BRUCE MAURICE PYHTILA,<br><br>　　　Defendant. | No. 2:87-cr-00205-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION** |

　　On May 11, 2021, Defendant filed a Motion for Early Termination of Probation pursuant to 18 U.S.C. § 3564(c). See Mot., ECF No. 6. Defendant's term of probation originates from a decades-old conviction. On September 10, 1987, Defendant pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(a), and was sentenced to two consecutive 25-year terms of incarceration and an additional five years of probation. Mot. at 2. After serving 29 years and one month, Defendant was released on parole.[1] Id. Thus, on August 19, 2016, Defendant began

---

[1] Defendant's sentence predated the November 1, 1987 abolition of federal parole under the Sentencing Reform Act of 1984.

serving his five-year term of probation on the instant docket, which ran concurrently with his term of parole on the other docket. Id.; see 18 U.S.C. § 3564(b). On March 2, 2021, Defendant's parole was terminated. Id. The remainder of his term of probation in this matter is all that remains. Id.

The Court acknowledges that the offenses for which Defendant was convicted occurred long ago; that he served a significant term of incarceration; and that Defendant has fully complied with the terms of his parole and probation since his release in 2016. All these factors, in addition to Defendant's age, militate in favor of terminating the remainder of Defendant's term of probation were his probation set to continue for much longer. However, Defendant's term of probation concludes approximately two months from now.

The only explanation Defendant offers as to why the Court should terminate his probation so close to its end date is that Defendant "now wishes to spend his remaining years at liberty with his family in Michigan." Def.'s Suppl. Brief at 2, ECF No. 13. And that, under the terms of his probation, "a move home would [] be onerous [] in terms of paperwork and in terms of establishing a rapport with a new probation officer." Id. The Court does not find Defendant's reason to be particularly compelling given that he can move home to Michigan and avoid all the administrative complications in just two months. Moreover, nothing prevents him from completing the requisite administrative procedures in order to move home now.

The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and finds that, while some of them favor early

termination of Defendant's probation, and that "such action is warranted by [Defendant's conduct]," early termination does not make sense in "the interest of justice." See 18 U.S.C. § 3564(c). Defendant's term of probation is nearly up, and the reasons provided for terminating his probationary period a mere two months early are not sufficiently persuasive.

Accordingly, the Court DENIES Defendant's Motion for Early Termination of Probation.

IT IS SO ORDERED.

Dated: June 21, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE